WILBERT L. JONES AND PRISCILLA JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 22006-86.
United States Tax Court
T.C. Memo 1987-554; 1987 Tax Ct. Memo LEXIS 546; 54 T.C.M. (CCH) 1018; T.C.M. (RIA) 87554; November 3, 1987. Wilbert L. Jones, pro. se. Manolo T. Rodriguez-Bird, for the respondent. GUSSIS
MEMORANDUM FINDINGS OF FACT *548 AND OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined the following Federal income tax deficiencies: Petitioner
Year
Deficiency
Wilbert L. and
1981
$ 2,328.00
Priscilla Jones
Wilbert L. Jones
1982
3,342.41
The issues are (1) whether certain business expenses involving a jewelry business are deductible in 1981 and 1982; (2) whether petitioners are entitled to casualty loss deductions in 1981 and 1982; and (3) whether petitioner Wilbert L. Jones is entitled to a dependency exemption in 1982 for his son. Petitioner Wilbert L. Jones conceded at the trial that he received interest income *549 of $ 1,587 in 1982 which he failed to report. For purposes of convenience the finding of fact and opinion have been combined. Some of the facts were stipulated and they are herein incorporated by this reference. Petitioners were residents of Midwest City, Oklahoma at the time the petition herein was filed. In 1981 petitioners operated a jewelry business called Classic Creations and reported a net operating loss in the amount of $ 3,554 on their 1981 joint income tax return. Respondent determined that petitioners sustained a loss of $ 161.61 and disallowed the balance. The adjustment of $ 3,392.39 resulted from respondent's disallowance of the following items: cost of goods sold, $ 302.39; automobile expenses, $ 2,920; meals, $ 138; and tolls, $ 32. In 1982 petitioner Wilbert L. Jones filed a separate return and reported gross receipts of $ 967 and a net operating loss of $ 5,021 from his jewelry business. Respondent disallowed the loss in its entirety and determined that petitioner realized a net profit of $ 967 from his business. The adjustment resulted from respondent's disallowance of the following items totalling $ 5,988: cost of goods sold, $ 2,059; office supplies, *550 $ 97; utilities/telephone, $ 563; mileage, $ 2,958; tolls, $ 64; meals and lodging, $ 247. Petitioners have the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner Wilbert L. Jones was employed full time during the period here involved at a United States Air Force base. With respect to his jewelry sales endeavors (which appear to have lasted about two years), it appears that petitioner's merchandise was kept in a case ("more like a brief case") which he at times stored in his automobile. Petitioner, in computing gross profit from jewelry sales in 1981 and 1982, claimed cost of goods sold in the respective amounts of $ 367 and $ 2,059. Respondent disallowed $ 302.39 of the amount claimed in 1981 and disallowed the entire amount claimed in 1982. Petitioner's testimony was extremely vague and generally unsatisfactory. He was unable to produce any records whatever to establish his purchases of jewelry in 1981 and 1982. Nor did he offer any evidence to establish his opening and closing inventories for the years at issue. In short, there is nothing in the record to provide a reasonable basis for an estimate of these items in 1981 and *551 1982. Cf. Coloman v. Commissioner,540 F.2d 427 (9th Cir. 1976), affg. a Memorandum Opinion of this Court. In view of the complete absence of any persuasive evidence on this item, we have no alternative but to sustain the respondent's adjustments. Petitioner claimed automobile expenses in connection with his jewelry business in 1981 and 1982 in the respective amounts of $ 3,106 and $ 2,958. Respondent disallowed $ 2,920 of the amount claimed in 1981 and disallowed the entire amount claimed in 1982. To substantiate his business mileage, petitioner offered in evidence a fragment of a purported log of his business trips while engaged in jewelry sales. The log only involved the year 1981. On the basis of this document, respondent has allowed a deduction of $ 196 for automobile expenses in 1981. The log shows several trips to Ohio where petitioner previously resided and where he has family and acquaintances. Petitioner's effort to categorize these trips as business-related rather than purely personal in nature is unpersuasive. Moreover we deem it highly unlikely that petitioner would embark on these trips of several days duration to sell jewelry. While the evidence *552 on this issue is markedly deficient, we believe that some deductible local business mileage was incurred in 1982 as well as 1981. As noted above, respondent has allowed a deduction of $ 196 in 1981 and find nothing in the record to support a larger deduction for that year. We are persuaded from a careful consideration of the record that petitioner, to a comparable degree, continued his jewelry sales activities in 1982. Using our best judgment on the basis of an unsatisfactory record we hold that petitioner is entitled to a deduction of $ 200 for local automobile expenses in the year 1982. See Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). There is no persuasive evidence whatever with respect to expenses for tolls in 1981 and 1982 in the respective amounts of $ 32 and $ 64. In view of the paucity of any probative evidence with regard to these items, we are unable to allow any of the purported toll expenditures. On this record we must sustain respondent. Respondent disallowed deductions claimed by petitioners in 1981 for meals in the amount of $ 138 and in 1982 for meals and lodging in the amount of $ 247. The deductibility of travel expenses under section *553 162(a)(2) is limited by the substantiation requirements of section 274(d). Section 274(d) provides that no deduction shall be allowed for any travel expenses (including meals and lodging while away from home) unless the taxpayer substantiates the amount and other specified elements (i.e., the time and place of travel and the business purpose of the expense) of such expenditure with "adequate records or by sufficient evidence corroborating his own statement." The regulations are explicit with respect to the adequacy of the required proof. Section 1.274-5, Income Tax. Regs. The regulations define "adequate records" as an entry in an account book, diary or similar record made at or near the time of the expenditure and, with some limited exceptions, documentary evidence, which together show that the requirements of section 274(d) have been met. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Petitioner presented no evidence which would satisfy the substantiation requirements of section 274(d). Moreover, there is no indication in the record that the requisite adequate records were ever maintained with respect *554 to such expenses. We therefore conclude on this record that petitioner is not entitled to deductions for travel expenses under section 162(a)(2) in 1981 and 1982. Respondent disallowed deductions claimed by petitioner for office supplies in 1982 in the amount of $ 97. Petitioner made no serious effort with respect to this item and the record contains no evidence to permit any estimate of the expenses incurred. We must therefore sustain respondent. Respondent also disallowed utilities/telephone expenses claimed by petitioner in 1982 in the amount of $ 563. Again, petitioner's testimony was extremely vague and conclusory in nature. The deduction apparently pertained to telephone expenses and to a home-office. Section 280A(c) permits a deduction for the allowable portion of a dwelling exclusively used on a regular basis as the principal place of business for any business carried on by the taxpayer. There is no persuasive evidence to show that petitioner did in fact use only a portion of the home as a principal place of business. In view of the fact that he kept his wares in his car we deem it unlikely that a home-office was actually used. Moreover, petitioner was unable *555 to show his total utilities expenses for 1982 and there is no persuasive evidence in the record to show the basis for petitioner's allocation of such utilities expenses to any home-office that may have existed. Nor is there any persuasive evidence to indicate that petitioner incurred telephone expenses to any extent in the conduct of his jewelry business. On this record we must sustain respondent. Respondent disallowed a theft loss deduction claimed by petitioner in 1981 under section 165(d)(3) in the amount of $ 3,867. The amount allowed as a theft loss deduction under section 165(c)(3) is the lesser of the fair market value or the adjusted basis of the stolen property. Sections 1.167-8(c) and 1.167-7(b)(1), Income Tax Regs. A police report shows that petitioner's house was burglarized in September 1981. The report, which contains a list of the stolen items valued at about $ 1,800, indicates that property with an estimated value of $ 579.50 was recovered. Petitioner subsequently prepared a list of missing items with a total value of some $ 2,900. Petitioner was unable to explain the significantly larger amount that he claimed as a theft loss on his 1981 return. A large *556 portion of the stolen property appears to consist of coins, some of which were stored in coffee jars and coffee cans. After reviewing the record, which is extremely sketchy with respect to the measure of the theft loss, we conclude that petitioner sustained a theft loss in 1981 of $ 600, and accordingly, may deduct $ 500 (after application of the statutory limitation of $ 100) for said loss under section 165(c)(3). Petitioner also made a glancing reference to a purported theft loss in 1982 but failed to make any effort to develop the newly raised contention apart from admitting that he could not produce a police report on said 1982 theft. Moreover, he did not claim theft loss on his 1982 income tax return. On this record we must conclude that petitioner is not entitled to a theft loss deduction in any amount in 1982. Respondent disallowed a dependency exemption claimed by petitioner in 1982 for his daughter Stephanie and his son Doug. Respondent now concedes that petitioner is entitled to a dependency exemption for Stephanie. In order to be entitled to a dependency exemption for Doug, petitioner must show that he provided over half of Doug's support for 1982. See sections *557 151(e) and 152(a). Petitioner testified that Doug came to stay with him for some months in 1982 after he got into some difficulties in another state. Doug then apparently left petitioner's home and petitioner was uncertain about Doug's travel plans. Petitioner completely failed to show the nature and amount of support he provided for Doug in 1982. Moreover, the record is silent as to total support for Doug either by his own resources or by contributions from others. On this record, we are unable to find that petitioner provided over half of Doug's support in 1982 within the meaning of the statute. We conclude therefore that petitioner is not entitled to a dependency exemption for Doug in 1982. Respondent is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue code of 1954, as amended during the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided. ↩