T.C. Summary Opinion 2009-72

UNITED STATES TAX COURT

JONELL S. AND SEDELIA R. DURAND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21076-07S.            Filed May 11, 2009.

Jonell S. and Sedelia R. Durand, pro sese.

<u>Derek P. Richman</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.[1]

For 2004 respondent determined a $6,106 deficiency in petitioners' Federal income tax. Respondent disallowed petitioners' claimed miscellaneous itemized deductions of $29,701 (before application of the 2-percent floor of section 67(a)) and deduction for charitable contribution(s) of $500. Respondent allowed petitioners the standard deduction instead. The issue remaining for decision[2] is whether petitioners are entitled to itemized deductions in an amount in excess of the standard deduction.

## Background

Some of the facts have been stipulated and are so found.

---

[1] Sedelia R. Durand (Mrs. Durand) did not appear at trial or sign the stipulation of facts. The Court will dismiss Mrs. Durand for failure properly to prosecute and will enter a decision against Mrs. Durand consistent with the decision entered against Jonell Durand (Mr. Durand).

[2] Mr. Durand concedes that petitioners are not entitled to the claimed $1,200 deduction for "job supplies" or the claimed $22,535 deduction for "education".

Respondent concedes that petitioners are entitled to a: (1) $2,000 lifetime learning credit for 2004; and (2) $200 deduction for tax preparation for 2004, subject to sec. 67.

Finally, Mr. Durand presented neither evidence nor argument that petitioners are entitled to their claimed deduction for charitable contribution(s) of $500. Petitioners are therefore deemed to have conceded the issue. See Nielsen v. Commissioner, 61 T.C. 311, 312 (1973); Mikalonis v. Commissioner, T.C. Memo. 2000-281.

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, Mrs. Durand resided in New York, and Mr. Durand resided in Florida.

During 2004 Mr. Durand worked as a salesperson for BenQ Latin America Corp. He "was required to visit accounts within the immediate territory of Miami and Fort Lauderdale." Mr. Durand was also required by his employer to have a cell phone and Internet service at his home. He was not reimbursed by his employer for his expenditures. Instead, petitioners claimed $29,501 in unreimbursed employee expenses on their Schedule A, Itemized Deductions (before application of the 2-percent floor of section 67(a)). Petitioners' unreimbursed employee expenses consist of: (1) $3,900 for vehicle expenses (based on the standard mileage rate of 37.5 cents for 10,400 miles); (2) $390 for parking fees and tolls; (3) $1,476 for unspecified business expenses; (4) $1,200 for job supplies; and (5) $22,535 for education.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on

factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions. See sec. 7491(a)(1). Petitioners have not alleged that section 7491(a) applies, and they have neither complied with the substantiation requirements nor maintained all required records. See sec. 7491(a)(2)(A) and (B). Accordingly, the burden of proof remains on petitioners.

## II. Unreimbursed Employee Expenses

Section 162(a) authorizes a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. But as a general rule, deductions are allowed only to the extent that they are substantiated. Secs. 274(d) (no deductions are allowed for gifts, listed property,[3] or traveling, entertainment, amusement, or recreation unless substantiated), 6001 (taxpayers must keep records sufficient to establish the amount of the items required to be shown on their Federal income tax returns). If the taxpayer establishes that he has incurred a deductible expense yet is unable to substantiate the exact amount, the Court may estimate the deductible amount in some circumstances (the Cohan rule). Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir.

---

[3]The term "listed property" is defined to include passenger automobiles and cell phones. Sec. 280F(d)(4)(A)(i), (v).

1930).  But the Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Rodriguez v. Commissioner, T.C. Memo. 2009-22 (the strict substantiation requirements of section 274(d) preclude the Court and taxpayers from approximating their expenses).

Section 274(d) and the regulations thereunder require taxpayers to substantiate their deductions by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use; (2) the time of the expenditure or use; (3) the place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) the business relationship to the taxpayer of the persons entertained or receiving the gift.  See sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

As to the "Rules of substantiation", the temporary regulation provides that taxpayers must maintain and produce such substantiation as will constitute proof of each expenditure or use.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Written evidence has considerably more probative value than oral evidence, and the probative value of written evidence is greater the closer in time it is to the expenditure or use.  Id.  Although a contemporaneous log is not

required, a record made at or near the time of the expenditure or use that is supported by sufficient documentary evidence has a higher degree of credibility than a subsequently prepared statement.  Id.  The corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate the statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence.  Id.

To satisfy the "adequate records" requirement of section 274(d), the taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of expenditure or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  The adequate record must be prepared or maintained in such manner that each recording of an element or use is made at or near the time of the expenditure or use.  Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  "'[M]ade at or near the time of the expenditure or use' means [that] the elements of an expenditure or use are recorded at a time when, in relation to the use or making of an expenditure, the taxpayer has full present knowledge of each

element of the expenditure or use".  Sec. 1.274-5T(c)(2)(ii)(A),
Temporary Income Tax Regs., supra.

The level of detail required in an adequate record to
substantiate the taxpayer's business use may vary depending on
the facts and circumstances.  Sec. 1.274-5T(c)(2)(ii)(C),
Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985).
For example, a taxpayer's use of a vehicle for both business and
personal purposes and whose only business use of the vehicle is
to make deliveries to customers on an established route may
satisfy the adequate record requirement by:  (1) Recording the
total number of miles driven during the taxable year, the length
of the delivery route once, and the date of each trip at or near
the time of the trips; or (2) establishing the date of each trip
with a receipt, record of delivery, or other documentary
evidence.  Id.

A.  Vehicle Expenses

1.  Deduction Based on the Standard Mileage Rate

To substantiate petitioners' deduction for vehicle expenses,
Mr. Durand submitted a letter from his employer, which states
that Mr. Durand was not entitled to reimbursement for his "visits
and travel" to his accounts, a customer list, and a "summary"
that includes:  (1) Customers' names and addresses; (2) the
number of miles traveled one way and round trip and the total
miles traveled per month from his employer's office to each

account; (3) the cost per toll and the total cost per month; and (4) the cost of parking per visit and the total cost per month. In addition, Mr. Durand testified that he created his summary by: "[Googling] the miles from my office to each" customer's address from the customer list his employer provided and providing a "conservative average" of the number of visits to each customer during an average month. He also testified that his summary was not created in 2004; rather, he made the summary "recently".

Mr. Durand's testimony established that he did not accurately record his business mileage at or near the time of his business use and that the numbers of "visits" were mere estimates or "averages". See sec. 1.274-5T(b)(6)(i)(B), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). The Court therefore finds that petitioners are not entitled to their deduction for mileage. See Sanford v. Commissioner, supra at 827; Rodriguez v. Commissioner, supra; see also sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra (the substantiation requirements are designed to encourage taxpayers to maintain records and documentary evidence). Respondent's determination is sustained.

### 2. Deduction for Parking Fees, Tolls, and Transportation Expenses

Petitioners claimed a $390 deduction for parking fees and tolls. These expenses may generally be deducted as a separate item. See Rev. Proc. 2003-76, sec. 5.04, 2003-2 C.B. 924, 926.

With respect to Mr. Durand's summary of his expenses for tolls and parking, Mr. Durand testified that he "took the customers that [he] would have to pay the tolls coming from the office to downtown * * * [by] the toll road".  He also testified that he did not have any receipts for his parking expense; rather, he "put an average" between $4 to $8.  Finally, he explained that his "estimates were very conservative with regard to the parking, with the tolls and the miles."

Other than Mr. Durand's summary and testimony, petitioners have provided no other evidence, e.g., a receipt, to substantiate their deduction for parking fees and tolls.  The Court therefore finds that petitioners are not entitled to their deduction for parking fees and tolls.  See Kodak v. Commissioner, T.C. Memo. 1991-485, affd. without published opinion 14 F.3d 47 (3d Cir. 1993); Jones v. Commissioner, T.C. Memo. 1987-554; see also Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961) (the Court may reject a taxpayer's uncorroborated, self-serving testimony), affg. 34 T.C. 845 (1960); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986) (same).  Absent credible documentation of petitioners' expenditures, the record provides no basis for making a determination under the Cohan rule.  Respondent's determination is sustained.

B.  Unspecified Business Expenses

Petitioners' deduction for unspecified business expenses consists of charges for Internet service and Mr. Durand's cell phone use.  To substantiate petitioners' deduction for unspecified business expenses Mr. Durand provided the letter from his employer, which states that cell phone charges and home Internet service were not reimbursed by BenQ, and a Cingular Wireless statement for the period "12/24/04 - 01/23/05".  Mr. Durand also testified that he had no other records of these expenses for 2004 because "some of them were thrown away."[4]

Expenses for cell phone use must be substantiated in accordance with section 274 and the regulations thereunder.  Sec. 274(d); see supra pp. 4-5 and note 3.

Petitioners have provided no evidence that substantiates their cell phone expense in accordance with section 274(d) and the regulations thereunder.  Thus, petitioners are not entitled to their claimed deduction, and the Court cannot apply the Cohan rule to estimate a deductible expense.  See Sanford v. Commissioner, 50 T.C. at 827.

---

[4]Petitioners did not attempt to reconstruct the records of their unspecified business expenses.  See Boyd v. Commissioner, 122 T.C. 305, 319-322 (2004); Sanderlin v. Commissioner, T.C. Memo. 2008-209; sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), (if a taxpayer can establish that the taxpayer's failure to produce an adequate record is due to the loss of the record through circumstances beyond the taxpayer's control, the taxpayer may substantiate a deduction by reasonable reconstruction of the expenditures).

The Court has characterized Internet expenses as utility expenses. <u>Verma v. Commissioner</u>, T.C. Memo. 2001-132. Strict substantiation therefore does not apply, and the Court may apply the <u>Cohan</u> rule to estimate petitioners' deductible expense, provided that the Court has a reasonable basis for making an estimate. See <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985) (an estimate must have a reasonable evidentiary basis); <u>Pistoresi v. Commissioner</u>, T.C. Memo. 1999-39.

Petitioners have provided no receipts or other documentation to substantiate their Internet expense. Therefore, petitioners are not entitled to the deduction, and the Court cannot estimate a deductible expense because they have not provided the Court with any basis for making an estimate.

In sum, respondent's determination denying petitioners' $1,476 deduction for unspecified business expenses is sustained.

III. Itemized Deductions

Respondent conceded that petitioners are entitled to a $200 miscellaneous itemized deduction for tax preparation fees. The $200 amount, however, does not exceed the 2-percent floor of section 67(a); thus, petitioners are not entitled to the claimed deduction.[5]

---

[5]Taking into account respondent's concession of a $2,000 lifetime learning credit, petitioners' adjusted gross income for 2004 is $61,977. To exceed the 2-percent floor of sec. 67(a), petitioners' miscellaneous itemized deductions must exceed

(continued...)

Respondent made no adjustments in the notice of deficiency to petitioners' itemized deductions for real property taxes of $2,160 and mortgage interest of $6,718.  But taking into account petitioners' concessions and the Court's determinations, their remaining itemized deductions total $8,878, which is less than the $9,700 standard deduction.  See Rev. Proc. 2003-85, sec. 3.10, 2003-2 C.B. 1184, 1188.  The Court assumes that petitioners would want the larger amount and therefore sustains respondent's use of the standard deduction.  See sec. 63; George v. Commissioner, T.C. Memo. 2006-121 (taxpayers may either elect the standard deduction or elect to itemize deductions).

To reflect the foregoing,

An appropriate order will be issued, and decision will be entered under Rule 155.

---

[5](...continued)
$1,239.54.