Charles W. MOORE and Genevieve Moore, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 24378.

United States Court of Appeals, Ninth Circuit.

April 30, 1970.

Karl M. Samuelian, Everett F. Meiners, of Parker, Milliken, Kohlmeier, Clark & O'Hara, Los Angeles, Cal., for petitioners.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Elmer J. Kelsey, Ann E. Belanger, Asst. U. S. Attys., Washington, D. C., for respondent.

Before: ELY and KILKENNY, Circuit Judges, and BYRNE,\* District Judge.

KILKENNY, Circuit Judge.

The Tax Court found that petitioners' taxes for the year 1961 were deficient in a substantial sum. We affirm the result without necessarily adopting the theory of the court below.

The dispute arises from a pair of 1961 transactions. On June 10th, Moore agreed to sell his one-third interest in the Big Springs Land and Cattle Company to David C. Bintliff. (Prior to this sale, Moore, Bintliff and Jack G. Taylor each owned one-third of the floundering corporation). Bintliff paid Moore $79,-840.46 in cash and gave him a 30-day non-exclusive oral option to purchase two of the corporation's ranches. The option portion of the agreement made no mention of the purchase price at which Moore could acquire the property and was conditioned upon the approval of Taylor, the remaining stockholder. There was no indication that should the purchase price be unreasonable, or should Taylor fail to approve the option, that Moore would be able to recover any portion of his stock from Bintliff. On June 15th, pursuant to the June 10th agreement, Moore purchased the land from the corporation for $325,000.00. He forthwith resold it to a third party for $500,000.00.

In order to determine Moore's taxable gain on the resale, we must first determine his tax basis for the two ranches. The tax basis for property is its cost. 26 U.S.C. § 1012. It is a well settled principle that the cost of an option or right to purchase is considered as part of the cost of the property itself in determining basis. C. H. Mead Coal Co. v. Commissioner of Internal Revenue, 72 F.2d 22 (4th Cir. 1934); Commissioner of Internal Revenue v. Cummings, 77 F.2d 670, 672 (5th Cir. 1935). The cost in this case was $325,000.00, plus the value, if any, of the option. Thus, the value of the option is the point here at issue.

Moore contends that the value of the option was $152,376.00, his net gain on the resale of the property. Thus, he urges that no short term capital gain was realized on the resale of the property.[1] His theory of valuation, in our opinion, is patently erroneous. Our function is to determine the price he paid for the property, a conclusion entirely independent of any later profit on resale. The value, if any, of the alleged option must be determined as of the *date of its acquisition*. Profits resulting from the exercise of the option are no part of its cost. Belmont Shore Co. v. Commissioner, 21 B.T.A. 714, 717 (1939); Realty

---

\* The Honorable William M. Byrne, Senior Judge, United States District Court for the Central District of California, sitting by designation.

1. Moore contends that he did realize $152,-376.00 more in *long term* capital gain on the sale of his *stock* than was claimed by the government since he sold his stock for $79,840.46, plus an option worth $152,-376.00. The government taxed the gain from the sale of *stock* as if $79,840.46 were the total consideration received, thus imputing no value to the option. In this connection, it should be noted that 26 U.S.C. § 1001 places the burden of establishing the value of *consideration* received on the *government*; whereas, 26 U.S.C. § 1012 places the burden of establishing the *basis* for property sold on the *seller*.

Sales Co. v. Commissioner, 10 B.T.A. 1217 (1928).

 Under 26 U.S.C. § 1012, the taxpayer bears the burden of establishing the cost basis of property. O'Neill v. Commissioner of Internal Revenue, 271 F.2d 44, 50 (9th Cir. 1959). While Moore admits that he can establish no value for the alleged option as of June 10th when it was acquired, he contends that the June 10th agreement was an "open transaction", and that, therefore, the option should be valued as of June 15th when the transaction was closed and the option's value became more definite. We do not feel that the open transaction doctrine is applicable to this case. That doctrine, as expressed in Burnet v. Logan, 283 U.S. 404, 51 S.Ct. 550, 75 L.Ed. 1143 (1931), prescribes that when consideration for the sale of property consists of a claim to future payments of indefinite value, the amount of gain should not be estimated, but should be determined with certainty by awaiting the actual receipt of payment. The government, instead of taxing the seller of property at once by estimating the amount of consideration he will receive, delays taxing the gain until future years when it becomes more certain. In Moore's case, there is no question as to the amount of consideration which he will receive for the resale of the ranches ($500,000.00), nor is the government attempting to tax the value of the option as part of his gain from the original sale of stock on June 10th.[1] Thus, the open transaction doctrine has no applicability here.

Even should we accept the open transaction theory, we could not accept Moore's $152,376.00 valuation, but would instead have to consider the fair market value of the option as of June 15th.

 Since Moore has failed to meet his burden of establishing a basis for the property above $325,000.00, his claim for a higher basis is "unenforceable", Long v. Commissioner of Internal Revenue, 96 F.2d 270, 272 (9th Cir.

1938), and his basis must be limited to the $325,000.00 cash payment he made for the property. Thus, the tax consequences found by the tax court are correct and its decision must be affirmed.