Eugene **COLOMAN** and Louise D. L. Coloman, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 74–2537.

United States Court of Appeals, Ninth Circuit.

July 14, 1976.

Stephen A. Pace (argued), of Ball, Hunt, Hart, Brown & Baerwitz, Long Beach, Cal., for appellants.

Michael L. Paup, Atty. (argued), Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellee.

## OPINION

Before TRASK and KENNEDY, Circuit Judges, and CONTI,* District Judge.

CONTI, District Judge:

These are consolidated appeals from the decision of the United States Tax Court (T.C.Memo. 74–78, March 28, 1974) upholding the Commissioner's determination of deficiencies in appellants' income tax for the years 1967 through 1970. During those years taxpayers claimed on their tax returns loss deductions arising from certain corporate stock they held which they allege became worthless. The Tax Court held that the taxpayers had failed to establish any basis in the stock, that its basis was, therefore, zero, and by implication that the Commissioner's disallowance of the loss de-

---

* Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

ductions taken, and the corresponding assessment of deficiencies, was correct. We affirm.

Taxpayers, husband and wife, with two others, formed a dry cleaning business in 1962 which they operated as a partnership until March, 1964, at which time they incorporated the business in California under the name of Village Valet, Inc. All assets and liabilities of the partnership were transferred to the corporation, and the partners took stock in the corporation in exchange.[1]

In September 1970 the corporation was dissolved and liquidation begun. Taxpayers took possession of some of the corporation's equipment and reopened the business at a new location as a sole proprietorship. The taxpayers reported in 1970 a portion of the loss attributable to the stock's allegedly having become worthless; the remainder of the loss was carried back to 1967, 1968, and 1969 as a net operating loss.

Under Section 358(a) of the Internal Revenue Code,[2] the basis of stock received from a corporation is equal to the basis of the property exchanged for that stock. Here, the taxpayers exchanged their partnership interest for the corporate stock; therefore, the basis of their stock would be the carryover basis of their partnership interest.

Taxpayers' basis in their partnership interest is determined by the provisions of subchapter K (Sections 701–711). As a general rule, a partner's basis in a newly formed partnership will be the same as his adjusted basis in the property he exchanged for his interest, plus any money contributed. Section 722. This initial basis is further adjusted for increases or decreases in partnership liabilities assumed by the individual partners. Section 752(a) and (b). In addition, the initial basis is continually adjusted by virtue of the ordinary activities relating to the partnership vis-a-vis the individual partners; for example, Section 705(a) provides that the basis of a partner's

interest is to be increased by his distributive share of the partnership's taxable income for each year, his distributive share of tax-exempt partnership income, and the excess of deductions for depletion over the basis of property subject to depletion. Similarly, basis is decreased (but not below zero) by distributions by the partnership to the partner as provided in Section 733, and by the sum of his distributive share for the current and prior taxable years of partnership losses, and non-deductible and non-capitalizable partnership expenditures. Furthermore, Section 704 provides, in determining the partner's distributive share for purposes of gain or loss, that such ratios and amounts shall be determined by the partnership agreement, and, if the agreement is not lacking in substance, the partners themselves can determine their distributive shares as to total gain or loss, or to individual items of income, gain, loss, deduction and credit. See *Orrisch v. Commissioner*, 55 T.C. 395 (1970).

Thus, in order to establish the basis in the interest in the partnership at the time the corporation was formed (which in turn would be the basis in the corporate stock at the time of incorporation), the taxpayers had to establish to the Tax Court's satisfaction (1) the initial basis in the partnership interest at the time the partnership was formed, and (2) the amount of any adjustments thereto by virtue of the activities of the partnership, pursuant to Section 705(a), and/or by virtue of assumptions of liabilities by other partners, pursuant to Section 752.

 The burden of so establishing rested on the taxpayers. *Welch v. Helvering*, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). Establishing basis is a factual matter, *Vaira v. Commissioner of Internal Revenue*, 444 F.2d 770 (3rd Cir. 1971), and the Commissioner's determination is accepted by the Tax Court as presumptively correct. *J. M. Perry & Co. v. Commissioner of Internal*

---

1. Immediately after the exchange, taxpayers and the others owned more than 80% of the outstanding stock of the corporation, thus entitling them to the non-recognition advantages of Section 351 of the Internal Revenue Code.

2. Hereinafter, all references are to sections of the Internal Revenue Code.

*Revenue*, 120 F.2d 123 (9th Cir. 1941). The fact that basis may be difficult to establish does not relieve a taxpayer from his burden. *O'Neill v. Commissioner of Internal Revenue*, 271 F.2d 44 (9th Cir. 1959).

■ The testimony presented by the taxpayers did not, in the Tax Court's opinion, meet this burden. About the only evidence relevant on the basis issue was the husband's taxpayer's unverified statement that he had contributed property "worth" $28,000 to the partnership in the form of a second deed of trust.[3] But, as the Service notes, the "worth" or value of a piece of property may be quite different from its basis in the taxpayer's hands, and this is the basis that the taxpayers failed to prove. Thus, the Tax Court concluded that the taxpayers had not established their initial basis in the partnership interest.

Moreover, there was insufficient evidence of what adjustments to this basis may have been necessary during the course of operations of the partnership, according to the provisions of Sections 705, 733 and 752. Thus, taxpayers failed in several important respects to establish the basis in the partnership interest at the termination of the partnership, so as to satisfy the general statutory requirements found in Sections 722, 733, 752 and 705(a).

However, taxpayers argue on appeal [4] that the alternative rule of Section 705(b) should have been applied by the Tax Court, and should now be applied here. Under Section 705(b), the Commissioner is empowered to prescribe by regulations the circumstances under which the adjusted basis of a partner's interest in a partnership may be determined by reference to his proportionate share of the adjusted basis partnership property upon a *termination of the partnership*. The rule promulgated to implement this section, found in 26 CFR § 1.705–1(b) and set forth in full in the margin,[5] states that the alternative method may be used "where circumstances are such that the partner cannot practicably apply the general rule set forth in section 705(a)." Even under the alternative rule, adjustments to basis may be necessary to reflect discrepancies arising as a result of contributed property, transfers of partnership interests, or distributions of property to the partners.

Presumably to bring themselves within section 705(b), taxpayers presented evidence

---

**3.** While it is not clear from the transcript what exactly was transferred by the taxpayer into the partnership, it appears that what was contributed was a piece of property, on which a mortgage or deed of trust had already been given by the taxpayer, and which had appreciated in value over the amount of this first mortgage to the extent of $28,000. This "trust deed" was used by the partnership to purchase equipment on an installment plan to be used in the dry cleaning business; that is, this appreciated property originally in the taxpayer's name was put up as collateral by the partnership in its acquisition of the equipment.

**4.** In the Tax Court the taxpayer seemed to proceed along the line of establishing basis under the general rule as found in Section 705(a). See, e. g., Stipulation of Facts, R.T. at 59, 65–66. In Appellants' Opening Brief there is a somewhat oblique reference to Section 705(b) at page 6, but no mention is made of the implementing regulation or of the applicability of that regulation to the case at bar. On oral argument of this case, however, it was stressed that Section 705(b) was dispositive of this case. Therefore, this contention will be treated in some detail here.

**5.** 26 CFR Section 1.705–1(b):

Alternative rule. In certain cases, the adjusted basis of a partner's interest in a partnership may be determined by reference to the partner's share of the adjusted basis of partnership property which would be distributable upon termination of the partnership. The alternative rule may be used to determine the adjusted basis of a partner's interest where circumstances are such that the partner cannot practicably apply the general rule set forth in section 705(a) and paragraph (a) of this section, or where, from a consideration of all the facts, it is, in the opinion of the Commissioner, reasonable to conclude that the result produced will not vary substantially from the result obtainable under the general rule. Where the alternative rule is used, adjustments may be necessary in determining the adjusted basis of a partner's interest in a partnership. Adjustments would be required, for example, in order to reflect in a partner's share of the adjusted basis of partnership property any significant discrepancies arising as a result of contributed property, transfers of partnership interests, or distributions of property to the partners.

in the form of testimony by the corporation's accountant that at the time of incorporation, the corporation's books showed a "net worth" of $25,103.87. (R.T. at 14). From this figure, the accountant computed the taxpayers' basis in the partnership interest to be approximately $16,000. The Tax Court refused to accept the basis figure proposed by the taxpayers for the reason that it was based on figures supplied to the .accountant by the taxpayers and not independently verified by the accountant.

We find no error in the lower court's refusal to accept the taxpayer's basis figure. Taxpayers had the burden of *establishing* basis, which burden was not met, in the Tax Court's view, by the taxpayers' simply stating that the basis was such and such, or by having an accountant come in to court to so state, in reliance upon figures supplied by the taxpayers. In essence, what the Tax Court held was that *even if* Section 705(b) could be said to be applicable, there was insufficient evidence of the partner's adjusted basis in his partnership interest at the termination of the partnership. The court might point out, however, that no showing was made in the first instance that Section 705(b) was even applicable. That is, there was no testimony elicited by the taxpayers directed to the issue of whether circumstances were such that the taxpayers could not "practicably" apply the general rule of Section 705(a). Taxpayers did state that the books and records of the partnership were not available, but no reason was given for their unavailability. Whether under these circumstances Section 705(a) could not be "practicably" applied, as required by the regulation for the invocation of Section 705(b), is a question we need not answer at this time. It is sufficient to sustain the Tax Court's holding that the taxpayers did not sustain their burden of proving their adjusted basis in the partnership interest at the time of termination of the partnership.

In assessing the taxpayers' evidence on the issue of basis, the Tax Court concluded:

In the present case . . . petitioner failed to produce such evidence (of basis) other than his own testimony, which was imprecise and vague. Petitioner was unable to recall what amounts of cash and property were contributed to the partnership or the corporation. He was unable to establish precisely the amounts that the partnership invested in the various types of equipment it purchased. He failed to indicate with specificity the extent to which this equipment had depreciated at the time it was contributed to the corporation. Accordingly, we have no choice but to hold that petitioners have failed to establish that their stock had a basis in excess of zero and that they therefore have not proved that they realized a loss upon the liquidation of the corporation. (R.T. at 82)

This factual finding is not so clearly erroneous as to compel us to set it aside on this appeal.

One final argument put forth by the taxpayers needs be mentioned. Taxpayers rely to a considerable extent on *Cohan v. Commissioner of Internal Revenue*, 39 F.2d 540 (2d Cir. 1930), for the proposition that the Tax Court should have made *some* estimate of basis, and not have deprived them the whole stock loss just because they could not establish basis with exactitude. In *Cohan*, the appellate court remanded to the Board of Tax Appeals with instructions to make some estimate of George M. Cohan's deductible entertainment expenses in light of the Board's express finding that Cohan had spent "considerable sums" and that such were allowable expenses. The court noted the inconsistency in the Board's finding that considerable allowable expenditures had been made, while at the same time disallowing a deduction entirely because of the lack of specific proof. Here, there is no such inconsistency to be found in the findings below. The evidence in the instant case was insufficient to establish that the basis was other than zero, whereas in *Cohan* there was substantial evidence and an express finding that "considerable sums" were spent, and the question was whether failure to pin down the exact amount was to mean disallowance of the deduction in full. In the instant case, to allow the *Cohan* doctrine to be invoked by the taxpayers would

be in essence to condone the use of that doctrine as a substitute for burden of proof. This the court will not do. Moreover, the testimony was equally imprecise as to what was taken out of the corporation by the taxpayers upon its winding up. Thus, even if the stock's initial basis could be computed with some degree of accuracy, there would remain a serious problem regarding the extent of the deductible loss.

For the foregoing reasons, the decision of the Tax Court is affirmed.