**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOHN F. CHOW; ESTHER K. CHOW, | No. 10-71883 |
| Petitioners - Appellants, | Tax Ct. No. 18774-08 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted September 10, 2012**

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Taxpayers John F. Chow and Esther K. Chow appeal pro se from the Tax

Court's decision, following a bench trial, upholding the Commissioner of Internal

Revenue's determination of deficiencies and penalties for tax years 2004 and 2005.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions and for clear error its factual determinations. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir. 1995). We affirm.

The Tax Court properly determined that the Chows could only deduct Mrs. Chow's gambling losses to the extent of her gambling gains. *See* 26 U.S.C. § 165(d); *Boyd v. United States*, 762 F.2d 1369, 1372-73 (9th Cir. 1985) ("[A] gambling loss, although it may be a business expense, is deductible only to the extent of gambling gains.").

The Tax Court properly determined that the Chows were not entitled to adjustments to the cost basis of their Del Mar property for either their $25,000 payment to relatives or the costs of releasing a lien on the property for unpaid attorney's fees from their earlier civil rights action against San Bernardino County. *See Moore v. Comm'r*, 425 F.2d 713, 715 (9th Cir. 1970) (taxpayer bears burden of establishing cost basis of property); *see also Woodward v. Comm'r*, 397 U.S. 572, 576 (1970) (litigation expenses "are capital in nature only where the taxpayer's 'primary purpose' in incurring them is to defend or perfect title"); *Redwood Empire Sav. & Loan Ass'n v. Comm'r*, 628 F.2d 516, 520 (9th Cir. 1980) (whether legal funds are to defend or perfect title depends upon origin and essential nature of claim, rather than taxpayer's dominant purpose in defending and settling suit).

The Tax Court did not clearly err in finding that the Chows failed to produce sufficient evidence to demonstrate their entitlement to rental property deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of clearly showing right to claimed deduction, and Tax Court's factual determination that taxpayer has failed sufficiently to substantiate deduction must be upheld unless clearly erroneous).

The Tax Court properly upheld the Commissioner's addition to tax for failure to timely file a tax return after finding that, contrary to the Chows' contentions, they did not timely file their original 2004 return. *See* 26 U.S.C. § 6651(a)(1).

The Tax Court did not clearly err in finding that the Chows were subject to accuracy-related penalties for negligence under 26 U.S.C. § 6662. *See Sparkman*, 509 F.3d at 1161.

The Chows' remaining contentions concerning alleged misconduct by the Tax Court judge and Internal Revenue Service employees are unpersuasive.

We do not consider matters not specifically raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are denied.

**AFFIRMED.**