T.C. Memo. 2014-49

UNITED STATES TAX COURT

ESTATE OF JOHN F. CHOW, DECEASED, ESTHER K. CHOW, SPECIAL
ADMINISTRATOR, AND ESTHER K. CHOW, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15987-11.                    Filed March 24, 2014.

Esther K. Chow, pro se and for the Estate of John F. Chow.

<u>Sarah A. Herson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined deficiencies in, additions under

section 6651(a)(1)[1] to, and accuracy-related penalties under section 6662(a) on the

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for
the years at issue.  All Rule references are to the Tax Court Rules of Practice and
Procedure.

[*2] Federal income tax (tax) of John F. Chow and Esther K. Chow (Chows) as follows:

| Year | Deficiency | Addition To Tax Under Sec. 6651(a)(1) | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|-----------|----------------------------------------|----------------------------------------------|
| 2006 | $480,025.00 | $120,006.25 | $96,005.00 |
| 2007 | 179,439.70 | --- | 35,887.94 |
| 2008 | 186,303.64 | 37,260.73 | 37,260.73 |

The issues remaining for decision are:[2]

(1) Did petitioner Esther Chow engage in certain gambling activities during each of the Chows' taxable years 2006, 2007, and 2008 with an actual and honest objective of making a profit? We hold that she did not.

(2) Are petitioners liable for an addition to tax under section 6651(a)(1) for each of the Chows' taxable years 2006 and 2008? We hold that they are.

(3) Are petitioners liable for an accuracy-related penalty under section 6662(a) for each of the Chows' taxable years 2006, 2007, and 2008? We hold that they are.

---

[2]In addition to the issues remaining for decision for the Chows' taxable years 2006, 2007, and 2008 that are listed below in the text, there are other questions relating to certain determinations in the notice of deficiency for those years that are computational in that their resolution flows automatically from our resolution of the first issue that we address herein.

[*3]                          FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner Esther Chow (Ms. Chow) resided in California at the time she filed the petition.[3]

During each of the years 2006, 2007, and 2008, Ms. Chow gambled extensively and exclusively on so-called reel slot machines (slot machines) at Morongo Casino Resort and Spa (Morongo Casino) and San Manuel Indian Bingo Casino (San Manuel Casino).[4]

With respect to Ms. Chow's 2006 gambling activities, according to the so-called Morongo Casino gaming activity for 2006 (Morongo Casino 2006 gaming activity records for Ms. Chow), Ms. Chow's gambling activities at the Morongo Casino during 2006 resulted in a total coin-in of $4,493,550, a total coin-out of $3,309,031, total jackpots of $992,473.70, and a total net loss of $192,045.30.[5]

---

[3]On February 2, 2011, before Ms. Chow filed the petition, her husband, John F. Chow, had died.

[4]We shall sometimes refer to Ms. Chow's gambling on slot machines at Morongo Casino and San Manuel Casino during 2006, 2007, and 2008 as her 2006 gambling activities, 2007 gambling activities, and 2008 gambling activities, respectively.

[5]According to the so-called Morongo Casino daily gaming activity for 2006, Ms. Chow's daily gambling activities at the Morongo Casino during 2006 resulted
(continued...)

[*4]   Respondent used the information in the Morongo Casino 2006 gaming activity records for Ms. Chow in order to prepare a so-called session-based analysis of that activity.[6]  That analysis showed that Ms. Chow had total gambling income of $410,214.55 and total gambling losses of $602,559.85 for her taxable year 2006.

According to the so-called San Manuel Casino player daily summary for 2006, Ms. Chow's 2006 gambling activities at the San Manuel Casino during 2006 resulted in a total coin-in of $207.30, a total coin-out of $107.30, total jackpots of $0, and so-called actual win from the perspective of San Manuel Casino of $100.

With respect to Ms. Chow's 2007 gambling activities, according to the so-called Morongo Casino gaming activity for 2007 (Morongo Casino 2007 gaming activity records for Ms. Chow), Ms. Chow's gambling activities at the Morongo

---

[5](...continued)
in a total coin-in of $4,514,602, a total coin-out of $3,329,102, total jackpots of $733,453, and a total net loss of $452,047 for her taxable year 2006.

[6]In a session-based analysis, the winnings and losses are calculated on a net basis for each slot machine session in which the taxpayer played over a period of time and did not take more than a three-hour break.  See Chow v. Commissioner, T.C. Memo. 2010-48, 2010 WL 985242, at *1, aff'd, 481 Fed. Appx. 406 (9th Cir. 2012); LaPlante v. Commissioner, T.C. Memo. 2009-226.

[*5] Casino during 2007 resulted in a total coin-in of $2,983,275, a total coin-out of $2,326,448, total jackpots of $473,997.35, and a total net loss of $182,829.65.[7]

Respondent used the information in the Morongo Casino 2007 gaming activity records for Ms. Chow in order to prepare a session-based analysis of that activity. That analysis showed that Ms. Chow had total gambling income of $132,784.40 and total gambling losses of $314,330 for her taxable year 2007.

According to the so-called San Manuel Casino player daily summary for 2007, Ms. Chow's 2007 gambling activities at the San Manuel Casino during 2007 resulted in a total coin-in of $775,014.35, a total coin-out of $637,277.46, total jackpots of $73,655, and a so-called actual win from the perspective of San Manuel Casino of $64,081.89.

With respect to Ms. Chow's 2008 gambling activities, according to the so-called Morongo Casino gaming activity records for 2008 (Morongo Casino 2008 gaming activity records for Ms. Chow), Ms. Chow's gambling activities at the Morongo Casino during 2008 resulted in a total coin-in of $2,586,771, a total

_____

[7]According to the so-called Morongo Casino daily gaming activity for 2007, Ms. Chow's daily gambling activities at the Morongo Casino during 2007 resulted in a total coin-in of $2,975,268, a total coin-out of $2,319,859, total jackpots of $479,000, and a total net loss of $176,409 for her taxable year 2007.

[*6] coin-out of $2,003,608, total jackpots of $368,287.70, and a total net loss of $214,875.30.[8]

Respondent used the information in the Morongo Casino 2008 gaming activity for Ms. Chow in order to prepare a session-based analysis of that activity. That analysis showed that Ms. Chow had total gambling income of $144,573.40 and total gambling losses of $359,225.65 for her taxable year 2008.

According to the so-called San Manuel Casino player daily summary for 2008, Ms. Chow's 2008 gambling activities at the San Manuel Casino during 2008 resulted in a total coin-in of $436,958.07, a total coin-out of $347,293.26, total jackpots of $91,550, and a so-called actual win from the perspective of San Manuel Casino of ($1,885.19).

On April 13, 2007, the Chows filed Form 4868, Application for Automatic Extension of Time To File U.S. Individual Tax Return (Form 4868), for their taxable year 2006 (2006 Form 4868). Respondent granted an extension of time to October 15, 2007, within which the Chows were required to file their tax return

---

[8]According to the so-called Morongo Casino daily gaming activity for 2008, Ms. Chow's daily gambling activities at the Morongo Casino during 2008 resulted in a total coin-in of $2,609,764, a total coin-out of $2,020,263, total jackpots of $368,141, and a total net loss of $221,360 for her taxable year 2008.

[*7] (return) for their taxable year 2006 (2006 return). They did not mail to respondent their 2006 return until May 14, 2008.

On April 3, 2008, the Chows filed Form 4868 for their taxable year 2007 (2007 Form 4868). Respondent granted an extension of time to October 15, 2008, within which the Chows were required to file their return for their taxable year 2007 (2007 return). On August 15, 2008, they mailed to respondent their 2007 return.

On April 15, 2009, the Chows filed Form 4868 for their taxable year 2008. Respondent granted an extension of time to October 15, 2009, within which the Chows were required to file their return for their taxable year 2008 (2008 return). They did not mail to respondent their 2008 return until February 5, 2010.

The Chows attached to each of their 2006 return, their 2007 return, and their 2008 return Schedule C, Profit or Loss From Business (Schedule C). In Schedule C that the Chows attached to their 2006 return (2006 Schedule C), they showed "GAMBLING" as the "Principal business or profession". In that Schedule C, the Chows claimed "Gross receipts or sales" and "Gross income" of $971,955 (2006 Schedule C gross receipts or sales), "Other expenses" (2006 Schedule C other

[*8] expenses),[9] and a loss of $3,090,500 (2006 Schedule C loss). Pursuant to the instructions in the 2006 Schedule C, the Chows showed the 2006 Schedule C loss on page 1, line l2 "Business income or (loss)", of their 2006 return. They also showed on page 1 of that return on (1) line 8a, "Taxable interest" of $11,569; (2) line 13, "Capital gain or (loss)" of $531,381; and (3) line 22, "Total income" of zero.

In Schedule C that the Chows attached to their 2007 return (2007 Schedule C), they showed "GAMBLER" as the "Principal business or profession". In that Schedule C, the Chows claimed "Gross receipts or sales" and "Gross income" of $547,730.95 (2007 Schedule C gross receipts or sales), "Other expenses" of $3,048,416.89 (2007 Schedule C other expenses),[10] and a loss of $2,500,685.94 (2007 Schedule C loss). Pursuant to the instructions in the 2007 Schedule C, the Chows showed the 2007 Schedule C loss on page 1, line l2 "Business income or (loss)", of their 2007 return. They also showed on page 1 of that return on (1) line

_____

[9]In the 2006 Schedule C, the Chows also claimed "Expenses for business use of your home" of $4,062,455. Petitioners concede that during 2006 the Chows did not use their home for Ms. Chow's 2006 gambling activities or for a business use.

[10]In the 2007 Schedule C, the Chows also claimed "Expenses for business use of your home" of $3,048,416.89. Petitioners concede that during 2007 the Chows did not use their home for Ms. Chow's 2006 gambling activities or for a business use.

[*9] 8a, "Taxable interest" of $4,482.09; (2) line 21, "Other income * * * installment [sales] income" of $23,700; and (3) line 22, "Total income" of -$2,472,503.85.

In Schedule C that the Chows attached to their 2008 return (2008 Schedule C), they showed "PROFESSIONAL GAMBLER" as the "Principal business or profession". In that Schedule C, the Chows claimed "Cost of goods sold" of -$589,501 (2008 Schedule C cost of goods sold) and "Gross income" of -$587,616 (2008 Schedule C gross income), and a loss of $587,616 (2008 Schedule C loss). Pursuant to the instructions in the 2007 Schedule C, the Chows showed the 2007 Schedule C loss on page 1, line l2 "Business income or (loss)", of their 2007 return. They also showed on page 1 of that return on (1) line 8a, "Taxable interest" of $32.20; (2) line 21, "Other income * * * Interest from sale [installment sales income]" of $23,700; and (3) line 22, "Total income" of -$563,883.80.

Respondent issued to petitioners a notice of deficiency (notice) with respect to the Chows' taxable years 2006, 2007, and 2008 (notice). In the notice, respondent determined (1) to disallow the Chows' (a) 2006 Schedule C gross receipts or sales of $971,955 and (b) 2006 Schedule C other expenses of $4,062,455 and (2) to increase by $971,955 the Chows' "Other income" on page 1, line 21, of their 2006 return. In the notice, respondent also determined (1) to

[*10] disallow the Chows' (a) 2007 Schedule C gross receipts or sales of $547,730.95 and (b) 2007 Schedule C other expenses of $3,048,416.89 and (2) to increase by $547,730.95 the Chows' "Other income" on page 1, line 21, of their 2007 return. In the notice, respondent further determined (1) to disallow the Chows' (a) 2008 Schedule C cost of goods sold of $589,501 and (b) 2008 Schedule C gross income of -$587,616 and (2) to increase by $2,479,954 the Chows' "Other income" on page 1, line 21, of their 2008 return. As a corollary to respondent's determination to increase by $2,479,954 the Chows' "Other income" on page 1, line 21, of their 2008 return, respondent determined to increase itemized deductions for the Chows' taxable year 2008 by $2,479,954.[11]

Respondent determined in pertinent part as follows in support of respondent's determinations (described above) with respect to the Chows' (1) 2006 Schedule C, 2007 Schedule C, and 2008 Schedule C and (2) "Other income" on page 1, line 21, of their 2006 return, 2007 return, and 2008 return:

> We have determined that the activity described in your Schedule C either: (1) was not engaged in with sufficient regularity and continuity; and/or (2) you have not established that such activity meet [sic] the guidelines of a business venture engaged into for profit or carrying on a trade or business within the meaning if [sic] Internal

---

[11]Respondent made other determinations in the notice that Ms. Chow concedes, including increasing her gross income to reflect unreported interest income, Social Security benefits, and withdrawals from retirement accounts.

**[*11]** Revenue Code Sections 162 and 183. Therefore, we have disregarded your Schedule C and the business net profit reflected thereon for all federal tax purposes.

\*       \*       \*       \*       \*       \*       \*

Because we determined that the activity described on your Schedule C does not meet the guidelines of carrying on a trade or business within the meaning of IRC 162, we moved your net profit to line 21 of the Form 1040 (other income) for 2006 and 2007 tax years.

You failed to report all the gambling winnings reported to you on Form W-2G in 2008. We have adjusted your income to include the amounts shown on Form W-2G that were omitted from your original return and the amounts based on the documentation attached to your tax return for tax year 2008.

\*       \*       \*       \*       \*       \*       \*

Since you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business, we have disallowed the amount shown.

\*       \*       \*       \*       \*       \*       \*

We have adjusted your itemized deductions as shown in the enclosed computation.

It was determined that your deduction for gambling losses cannot exceed the amount of all your gambling winnings reported on Forms W2-G and the documentation attached to your [2008] return. Therefore, a deduction for gambling losses in the amount of $2,479,954.00 is allowable for tax year 2008. \* \* \*

\*       \*       \*       \*       \*       \*       \*

**[\*12]** It is determined that the activity described in your Schedule C either:  (1) was not engaged in with sufficient regularity and continuity; and/or (2) you have not established that such activity meet the guidelines of a business venture engaged into for profit or carrying on a trade or business within the meaning if [sic] Internal Revenue Code Sections 162 and 183.  Therefore, we have disregarded your Schedule C and business gross income reflected thereon for federal tax purposes for tax year 2008.

In the notice, respondent also determined to impose an addition under section 6651(a)(1) to the Chows' tax for each of their taxable years 2006 and 2008.  In support of those determinations, respondent determined as follows:

Addition to Tax IRC section 6651(a)(1)

Since you did not file your return for tax years ended December 31, 2006 and December 31, 2008 within the time prescribed by law, and you did not show that not filing was due to reasonable cause, a penalty of 5 percent is added to the tax for each month or part of a month for which your return was late. * * *

In the notice, respondent further determined to impose an accuracy-related penalty under section 6662(a) on the Chows' tax for each of their taxable years 2006, 2007, and 2008.  In support of those determinations, respondent determined as follows:

Accuracy-related Penalty IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) ended December 31, 2006 and December 31, 2007 [and December 31, 2008] is attributable to one of more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax,

**[*13]** or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty. * * *

OPINION

Ms. Chow bears the burden of establishing that the determinations in the notice that remain at issue are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, deductions are a matter of legislative grace, and Ms. Chow bears the burden of proving entitlement to any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  The Code and the regulations thereunder required Ms. Chow to maintain records sufficient to establish the amount of any deduction claimed.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

We turn first to whether Ms. Chow engaged in her 2006 gambling activities, 2007 gambling activities, and 2008 gambling activities with an actual and honest objective of making a profit.[12]  Before considering that issue, we note that this is

---

[12]We must address whether Ms. Chow engaged in her 2006 gambling activities, 2007 gambling activities, and 2008 gambling activities with an actual and honest objective of making a profit because sec. 183(a) generally limits the amount of expenses that a taxpayer may deduct with respect to an activity "not engaged in for profit" to the deductions provided in sec. 183(b).  In determining whether an activity is engaged in for profit for purposes of sec. 183, the taxpayer

(continued...)

[*14] not the first time that we have opined on the issue of whether Ms. Chow engaged in gambling activities with such an intent. We opined on Ms. Chow's gambling activities for taxable years 2004 and 2005 in Chow v. Commissioner, T.C. Memo. 2010-48, 2010 WL 985242 (Chow I), aff'd, 481 Fed. Appx. 406 (9th Cir. 2012). In Chow I, we found that Ms. Chow began gambling around 1987, that she began gambling extensively and exclusively on slot machines at Morongo Casino in 2003, and that she gambled exclusively on slot machines at that casino on 124 days in 2004 (2004 gambling activities) and 176 days in 2005 (2005 gambling activities). Id., 2010 WL 985242, at *1. We also found in Chow I that the Chows claimed in their respective tax returns for their taxable years 2004 and 2005 net gambling losses of $60,350 and $334,217.90, respectively. Id. at *2. We further found in Chow I that Ms. Chow had (1) gambling winnings of $283,072

_____

[12](...continued)
must show that he or she engaged in the activity with an actual and honest objective of making a profit. E.g., Hulter v. Commissioner, 91 T.C. 371, 392 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), aff'd without published opinion, 702 F.2d 1205 (D.C. Cir. 1983). Sec. 183(b)(1) provides that deductions that would be allowable without regard to whether an activity is engaged in for profit are to be allowed. Sec. 183(b)(2) further indicates that deductions which would be allowable only if an activity is engaged in for profit are to be allowed but only to the extent that the gross income derived from the activity for the taxable year exceeds the deductions allowable under sec. 183(b)(1). An activity is "not engaged in for profit" if it is an activity other than one with respect to which deductions are allowable for the taxable year under sec. 162 or 212(1) or (2). Sec. 183(c).

[*15] and $1,079,292 and gambling losses of $339,832 and $1,232,005 during 2004 and 2005, respectively, (2) that using a session-based analysis,[13] she had total gambling income of $36,216 and $231,836 and total gambling losses of $93,862 and $383,507 during those respective years.  Id.

In Chow I, we analyzed Ms. Chow's 2004 gambling activities and 2005 gambling activities under section 183[14] and the regulations thereunder, including section 1.183-2(b), Income Tax Regs.  That regulation sets forth the following list of relevant factors to be considered in determining whether a taxpayer engaged in an activity with an actual and honest intent of making a profit:  (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and the effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the

---

[13]See supra note 6.

[14]See supra note 12.

[*16] taxpayer; and (9) the extent to which elements of personal pleasure or recreation are involved.[15]  See Chow v. Commissioner, 2010 WL 985242, at *5-*6.

On the facts established in Chow I, we held:  "[W]e believe that the preponderance of the evidence favors petitioner's claim that during 2004 and 2005 she pursued gambling with a profit objective.  This is a close case".  Id. at *7.

As we did in Chow I, we have analyzed Ms. Chow's 2006 gambling activities, 2007 gambling activities, and 2008 gambling activities under section 183 and the regulations thereunder, including section 1.183-2(b), Income Tax Regs.  In doing so, we bore in mind, as we did in Chow I, that although Ms. Chow's expectation of a profit need not have been reasonable, she must have had a good faith objective of making a profit.  See, e.g., Dreicer v. Commissioner, 78 T.C. 642; Dunn v. Commissioner, 70 T.C. 715, 720 (1978), aff'd on another issue, 615 F.2d 578 (2d Cir. 1980); sec. 1.183-2(a), Income Tax Regs.  We also had in mind, as we did in Chow I, that Ms. Chow bears the burden of proving the

_____

[15]The list of factors in sec. 1.183-2(b), Income Tax Regs., is not exclusive, and other factors may be considered in determining whether an activity is engaged in for profit.  No single factor is dispositive.  E.g., Golanty v. Commissioner, 72 T.C. 411, 426 (1979), aff'd without published opinion, 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs.  The determination of a profit objective does not depend on counting the number of factors that support each party's position.  E.g., Dunn v. Commissioner, 70 T.C. 715 (1978), aff'd on another issue, 615 F.2d 578 (2d Cir. 1980); sec. 1.183-2(b), Income Tax Regs.

[*17] requisite intent.  See, e.g., Golanty v. Commissioner, 72 T.C. 411, 426 (1979), aff'd without published opinion, 647 F.2d 170 (9th Cir. 1981); Johnson v. Commissioner, 59 T.C. 791, 814 (1973), aff'd, 495 F.2d 1079 (6th Cir. 1974); see also Dreicer v. Commissioner, 78 T.C. at 646.  Finally, we bore in mind, as we did in Chow I, that we must determine whether Ms. Chow engaged in her 2006 gambling activities, 2007 gambling activities, and 2008 gambling activities with the requisite profit objective from all the facts and circumstances, see, e.g., Hulter v. Commissioner, 91 T.C. 371, 393 (1988); Taube v. Commissioner, 88 T.C. 464, 480 (1987); Golanty v. Commissioner, 72 T.C. at 426; sec. 1.183-2(a) and (b), Income Tax Regs., and that we must give more weight to objective facts than to Ms. Chow's mere statement of her intent, see, e.g., Dreicer v. Commissioner, 78 T.C. at 645; sec. 1.183-2(a), Income Tax Regs.

The record establishes, as was the case in Chow I, that, regardless of the method used to calculate Ms. Chow's winnings and losses for each of the years at issue, Ms. Chow's losses exceeded her winnings for each of those years.  The parties stipulated the winnings and the losses of Ms. Chow for each of the years at issue that are shown in the respective records that the Morongo Casino and the San Manuel Casino maintained for each of those years.  Respondent used those

[*18] records in order to calculate Ms. Chow's winnings and losses for each of the years at issue on a session-based analysis.[16]

Except as discussed below, the facts that are established by the instant record are essentially the same as the facts in Chow I. The facts established here differ materially from the facts in Chow I in that in the instant case we know that Ms. Chow continued to have substantial gambling losses in excess of her gambling winnings for each of the three years following the years at issue in Chow I, i.e., the years at issue here, 2006, 2007, and 2008. Thus, Ms. Chow sustained large net losses from her gambling activities during the five-year period 2004 through 2008.[17] We are convinced by those material facts, combined with the failures of proof by Ms. Chow that we discuss below, that Ms. Chow has failed to carry her burden of establishing that she was engaged in her 2006 gambling activities, 2007 gambling activities, and 2008 gambling activities with an actual

---

[16]See supra note 6. Respondent represents on brief that respondent was unable to perform a session-based analysis for San Manuel Casino because the records of that casino do not reflect coin-out amounts.

[17]In addition, in 2006 Ms. Chow sold certain real property that generated net long-term capital gain of $531,381 that she reported on page 1, line 13, of the Chows' 2006 return and that was reduced by her claimed gambling losses for that year. Ms. Chow thus had significant funds with which to gamble during the years at issue without taking account of her other funds during those years from interest, Social Security benefits, withdrawals from retirement accounts, and installment sale income. See supra note 11.

[*19] and honest objective of making a profit. Ms. Chow failed to carry her burden of showing here that during the years at issue she (1) had a business plan for her gambling activities, (2) had a budget for her gambling activities, (3) maintained a separate bank account for her gambling activities, (4) attempted to change her gambling methods in an effort to make them profitable, (5) did any research in slot machine gambling about ways to improve her chances of making a profit from her gambling activities, (6) consulted anyone with expertise in slot machine gambling about ways to improve her chances of making a profit from her gambling activities, or (7) otherwise engaged in her gambling activities in a businesslike manner. Unlike Chow I, this is not a close case.

Based upon our examination of the entire record before us, we find that Ms. Chow has failed to carry her burden of establishing that she engaged in her 2006 gambling activities, 2007 gambling activities, and 2008 gambling activities with an actual and honest objective of making a profit.

We turn next to the issues presented under sections 6651(a)(1) and 6662(a). Respondent bears the burden of production with respect to the additions to tax under section 6651(a)(1) and the accuracy-related penalties under section 6662(a) that respondent determined in the notice. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To satisfy respondent's burden of

[*20] production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose" those additions to tax and those penalties. See Higbee v. Commissioner, 116 T.C. at 446. Although respondent bears the burden of production with respect to the additions to tax under section 6651(a)(1) and the accuracy-related penalties under section 6662(a) that respondent determined in the notice, respondent "need not introduce evidence regarding reasonable cause * * *. * * * the taxpayer bears the burden of proof with regard to" that issue. See id.

With respect to section 6651(a)(1), that section imposes an addition to tax for failure to file timely a tax return. Respondent granted an extension of time to October 15, 2007, within which the Chows were required to file their return for their taxable year 2006 return. They did not mail to respondent their 2006 return until May 14, 2008. Respondent granted an extension of time to October 15, 2009, within which the Chows were required to file their return for their taxable year 2008 return. They did not mail to respondent their 2008 return until February 5, 2010.

On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the addition to tax

**[*21]** under section 6651(a)(1) that respondent determined for each of the Chows'

taxable years 2006 and 2008.

The addition to tax under section 6651(a)(1) does not apply if the failure to

file timely is due to reasonable cause, and not to willful neglect. See sec.

6651(a)(1). At trial, petitioners failed to present any evidence to establish that the

Chows' failure to file timely their 2006 return and 2008 return was due to

reasonable cause, and not due to willful neglect.

On the record before us, we find that petitioners have failed to carry their

burden of establishing that the Chows' failure to file timely their 2006 return and

2008 return was due to reasonable cause, and not due to willful neglect.

Based upon our examination of the entire record before us, we find that

petitioners have failed to carry their burden of establishing that they are not liable

for an addition to tax under section 6651(a)(1) for each of their taxable years 2006

and 2008.

With respect to section 6662(a), that section imposes an accuracy-related

penalty of 20 percent of the underpayment to which section 6662 applies. Section

6662 applies to the portion of any underpayment which is attributable to, inter alia,

negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial

understatement of tax, sec. 6662(b)(2).

**[\*22]**  The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code.  Sec. 6662(c).  Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances.  See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  The determination whether the taxpayer acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances, including the taxpayer's efforts to assess such taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.

The Chows' underpayment for each of the years at issue is attributable in large part to their claimed gambling losses for each such year.[18]  They reduced

_____

[18]Ms. Chow concedes certain other determinations in the notice that also contribute to the underpayment for each of the years at issue.  See supra note 11.
                                                              (continued...)

[*23] their nongambling income by those claimed losses in contravention of section 165(d).[19] In doing so, they intentionally disregarded the law and were negligent.

On the record before us, we find that respondent has met respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a) that respondent determined for each of the years at issue.

On the record before us, we find that petitioners have failed to carry their burden of showing that the Chows were not negligent and did not disregard rules or regulations, or otherwise did what a reasonable person would do, with respect to the underpayment for each of the years at issue.

On the record before us, we find that petitioners have failed to carry their burden of showing that there was reasonable cause for, and that the Chows acted

_____

[18](...continued)
She offered no explanation for failing to include certain interest, Social Security, and retirement income in the Chows' gross income for each of the years at issue.

[19]Even if we had found, which we did not, that Ms. Chow engaged in her gambling activities during the years at issue with an actual and honest objective of making a profit, the Chows still would not be entitled to reduce their nongambling income by their claimed gambling losses for those years. See sec. 165(d); Boyd v. United States, 762 F.2d 1369, 1372-1373 (9th Cir. 1985); Chow v. Commissioner, 2010 WL 985242, at *5; Kochevar v. Commissioner, T.C. Memo. 1995-607.

**[\*24]** in good faith with respect to, the underpayment for each of the years at issue. See sec. 6664(c)(1).

Based upon our examination of the entire record before us, we find that petitioners have failed to carry their burden of establishing that the Chows are not liable for each of the years at issue for the accuracy-related penalty under section 6662(a).

We have considered all of the parties' respective contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and concessions of the parties,

<u>Decision will be entered under</u>

<u>Rule 155</u>.