**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-35829 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-06113-PK |
| v. | |
| DEAN M. YOUNGQUIST, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted July 6, 2015[**]
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Defendant-Appellant Dean M. Youngquist appeals the district court's order

granting summary judgment in favor of the United States. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Summary judgment in favor of the United States was properly granted. Although Youngquist alleges that he incurred a loss of $5,677.34 on his ProTrade stock transactions in 1996, he does not dispute that ProTrade accurately reported that he sold $1,451,076 worth of stock that year. Thus, the only question is whether the cost of acquiring the stock exceeded the sales proceeds such that the sales generated no taxable gain.

Youngquist has the burden to prove the cost basis in his ProTrade stock sales. *See Moore v. Comm'r*, 425 F.2d 713, 715 (9th Cir. 1970) ("Under 26 U.S.C. § 1012, the taxpayer bears the burden of establishing the cost basis of property."). However, Youngquist failed to produce any records from ProTrade or any contemporaneous records of his own establishing the cost of each stock he purchased through ProTrade.[1]

Youngquist's non-specific testimony and ambiguous bank account records from Washington Federal Savings showing a $73,000 withdrawal on November 5, 1996, and a $67,322 deposit on December 20, 1996, do not establish that he incurred an aggregate loss of $5,677.34 in trading within his ProTrade account.

---

[1] It is the taxpayer's responsibility to retain records as long as their contents "may become material in the administration of any internal review law." Treas. Reg. § 1.6001-1(e). Because Youngquist never filed a 1996 tax return, the IRS could have brought an action "at any time." I.R.C. § 6501(c)(3).

Youngquist's testimony and Washington Federal Savings bank account records are not sufficient to demonstrate that the $73,000 withdrawal went to his ProTrade account or that the $67,322 deposit came from his ProTrade account. But even if we take it as true that Youngquist deposited $73,000 into his ProTrade account on November 5, 1996, and withdrew $67,322 from his ProTrade account on December 20, 1996, there is still insufficient evidence that the $67,322 deposit represented the closing balance of the ProTrade account or that Youngquist had not made any previous withdrawals from that account. Youngquist's testimony and bank account records were therefore "insufficient to establish that the [cost] basis was other than zero." *Coloman v. Comm'r*, 540 F.2d 427, 431 (9th Cir. 1976).

**AFFIRMED.**